**DAYS INN OF AMERICA FRANCHISING, INC.,**
Plaintiff,

v.

**Robert T. WINDHAM, Defendant and Counter–Claimant.**

**Civ. A. No. 88–CV–1641–MHS.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 23, 1988.

**1582**

J. Kirk Quillian, [COR LD NTC] Stephen William Riddell, [COR LD NTC] Troutman Sanders Lockerman & Ashmore, Atlanta, Ga. for Days Inn of America Franchising, Inc., plaintiff.

Annette McBrayer, Aiken & Ward, Atlanta, Ga., for Robert T. Windham, defendant and counter-claimant.

## ORDER

SHOOB, District Judge.

Presently before the Court is plaintiff's motion to dismiss defendant's counter-claim. In his counter-claim, defendant Robert T. Windham ("Windham") seeks damages based on the failure of plaintiff Days Inn of America Franchising, Inc. ("Days Inn") to comply with disclosure requirements under the Federal Trade Commission Act ("FTCA" or "the Act"), 15 U.S.C. § 41 *et seq.* Days Inn argues that the counter-claim must be dismissed because there is no private right of action under the FTCA. Because the Court agrees that no private right of action exists under the FTCA, defendant's counter-claim will be dismissed.

The Federal Trade Commission ("FTC") promulgates numerous regulations pursuant to its authority under the FTCA. Among those provisions are "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures" that apply to franchisers such as Days Inn. *See* 16 C.F.R. § 436.1 *et seq.* (1988). Although most courts determining the existence of a private right of action under the FTCA have construed the Act generally, rather than these specific disclosure requirements, their reasoning applies to the present controversy.

In *Holloway v. Bristol–Myers Corporation,* 485 F.2d 986 (D.C. Cir.1973), the court held that private actions under the FTCA could not be maintained. After outlining the threat to government's enforcement efforts if private actions were involved, the *Holloway* court concluded that "a private right of action to enforce the Federal Trade Commission Act—however desirable or logical this might appear in the abstract— would be contrary to the legislative design which we discern to have been deliberately wrought." *Id.* at 1002. The *Holloway* decision has been adopted on numerous occasions by the Eleventh Circuit, most recently in *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1174, n. 5 (11th Cir.1985) and in *R.T. Vanderbilt Company v. Occupational Safety and Health Review Commission,* 708 F.2d 570, 574–75, n. 5 (11th Cir.1983).

Defendant contends that FTCA regulations promulgated after the *Holloway* decision invalidate its holding that a private right of action does not exist under the Act. Most significant is the FTC's Statement of Basis and Purpose that appeared with the new regulations in the Federal Register. The FTC stated:

> The Commission believes that the courts should and will hold that any person injured by a violation of the Rule has a private right of action against the violator under the Federal Trade Commission Act, as amended, and the Rule. The existence of such a right is necessary to protect the members of the class for whose benefits the statute was enacted and the Rule as being promulgated, is consistent with the legislative intent of the Congress in enacting the Federal Trade Commission Act, as amended, and is necessary to the enforcement scheme established by the Congress in that Act and to the Commission's own enforcement efforts.

43 Fed.Reg. 59614 (1978). As the court found in *Freedman v. Meldy's, Inc.,* 587 F.Supp. 658 (E.D.Pa. 1984), however, no express or implied evidence exists demonstrating that Congress adheres to the position advanced by the FTC. Indeed, the legislative history examined by the *Freedman* court reveals Congressional disdain for the FTC's rulemaking procedures. The *Freedman* court concluded that "Congress' intent has not been shown to have changed in any way as a result of the FTC's 1979 franchise disclosure rules." *Id.* at 662.

Other district courts have adopted the *Freedman* position and this Court is inclined to do so as well. *See Mon–Shore Management, Inc. v. Family Media,* Bus. Fran. Guide (CCH), ¶ 8494 (S.D.N.Y.1985) [1985 WL 4845] and *Chelson v. Oregonian Publishing Company,* 1981–1 Trade Cas. (CCH), ¶ 64,031 (D.Ore.1981) [1981 WL 2077].[1]

The sole federal court decision supporting defendant's position that a private right of action exists under the FTCA is *Guernsey v. Rich Plan of the Midwest,* 408 F.Supp. 582 (N.D.Ind.1976). In *Guernsey* the court held that a private action could be maintained by defrauded customers where the alleged wrongful conduct was subject to an earlier cease and desist order issued by the FTC. The *Guernsey* court concluded that "[t]o infer that once the Federal Trade Commission has entered a case and enforced compliance with the Act, that subsequent private consumer actions would frustrate the purposes of the Act would deny consumers who were victimized by

further violations any recovery." *Id.* at 588. Without expressing any opinion concerning the decision of the *Guernsey* court, the Court concludes that the existence of a private right of action based on prior efforts of the FTC has no bearing here where there is no evidence of any FTC enforcement activity.

For the foregoing reasons, the Court GRANTS plaintiff's motion to dismiss defendant's counterclaim for failure to state a claim upon which relief can be granted. Defendant's counter-claim is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

---

1. The Court also notes that the Eleventh Circuit decisions in *Jeter* and *Vanderbilt* both postdate the FTC regulations relied upon by plaintiff.