Oscar AUSTIN, et al., Plaintiffs,

v.

AMERICAN GENERAL FINANCE, INC., et al., Defendants.

Civ. A. No. 95–D–660–E.

United States District Court,
M.D. Alabama,
Eastern Division.

Sept. 13, 1995.

Jere L. Beasley, Thomas J. Methvin, Montgomery, AL, for plaintiffs.

T. Thomas Cottingham, Robert S.W. Given, Robert H. Rutherford, Richard C. Keller, Birmingham, Alabama, for defendants.

***MEMORANDUM OPINION AND ORDER***

DE MENT, District Judge.

Before the court is the plaintiffs' motion filed July 13, 1995 to remand this

action to the Circuit Court of Macon County, Alabama, whence it was removed. The defendant responded in opposition on August 22, 1995.[1]

In the four-count complaint, the plaintiffs aver that in connection with certain loan transactions, defendants Lisa Short and Becky Ledbetter, while acting as agents for defendant American General Corp., made certain fraudulent statements and further fraudulently failed to disclose certain items. Further, the plaintiffs contend that defendant American General Finance, Inc., defendant American General Corp. and defendant Yosemite Insurance Co. entered into a scheme to defraud the plaintiffs by taking a security interest in the plaintiffs' household goods. Thereafter, the defendants removed this action, asserting federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.[2]

■ The defendants contend that the plaintiffs' claim for relief involves the application of the Federal Trade Commission Act (hereafter "FTCA"), 15 U.S.C. § 46, and its implementing regulations, 16 C.F.R. §§ 4.11 and 4.12. In essence, the defendants contend that while the plaintiffs have not pleaded a violation of the FTCA, the FTCA controls in this action. Specifically, the defendants state that the cause of action has been composed in terms of the FTCA. The plaintiffs assert, however, that they are seeking relief only under state law, thus, precluding removal based upon federal laws and regulation.

■ Whether the complaint states a federal question must be determined by examining the face of the complaint.[3] As stated by the Supreme Court of the United States:

> [o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (internal footnotes omitted). The "well-pleaded complaint" rule, applies to a defendant's right to removal, with the determinative factor being whether the plaintiff's complaint and not the removal petition presents a federal question. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 n. 9, 103 S.Ct. 2841, 2847 n. 9,

---

1. The defendants contend that the court should decide American General Corp.'s motion to dismiss before addressing the plaintiffs' motion to remand. The court will adhere to the instruction provided in 28 U.S.C. § 1447(c) which states "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis added). Based on the word "shall" in § 1447(c), it would be improper for the court to address a motion to dismiss if the court lacks subject matter jurisdiction. Therefore, the court will first address the plaintiffs' motion to remand and if the court has subject matter jurisdiction then the motion to dismiss will be considered.

2. Section 1441 states in part that "... any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending ..." 28

U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, a district court has original jurisdiction over all cases "arising under the Constitution, laws or treaties of the United States." However, the Supreme Court of the United States has interpreted the statutory grant of federal-question jurisdiction as conferring a limited power. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 807, 106 S.Ct. 3229, 3231, 92 L.Ed.2d 650 (1986) (citations omitted).

3. The court also stresses that the defendant, as the party removing an action to federal court, has the burden of establishing federal jurisdiction. *Sullivan v. First Affiliated Sec.*, 813 F.2d 1368 (9th Cir.), *cert. denied*, 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987). Because the removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

77 L.Ed.2d 420 (1983). Since the plaintiff is the master of the claim, he or she has the prerogative to rely on state law alone although both state and federal law may give him or her a cause of action. *Williams,* 482 U.S. at 392, 107 S.Ct. at 2429. Therefore, the fact that the plaintiffs in this case have selected to pursue their claims under state law alone, does not justify removal even if the plaintiffs also have an unpursued claim under federal law.

■ The defendants also contend that plaintiffs' theory under count IV has no basis in state law, and therefore, the plaintiffs will not be able to claim relief under state law. This identical argument has been rejected by *White v. American General Finance, Inc.,* No. 95–T–664–N, (M.D.Ala.1995) (consolidated with *Smith v. American General Finance, Inc.,* No. 95–T–666–N, (M.D.Ala.1995)). The court finds persuasive the conclusion set forth in *White* which states that the defendants contention that the count has no basis in state law may be true, "but this will be a basis for the state court to dismiss plaintiffs' state-law claim as to count IV, not for this federal court to assume removal jurisdiction over that count."

■ Further, the defendants contend that the plaintiffs' claim in count IV presents a substantial federal question because the count will involve a construction of federal law. The court notes that it is not sufficient that a federal issue may arise. The Supreme Court of the United States in *Gully v. First Nat'l Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), stressed that the federal question must be a "genuine and present controversy, not merely a possible or conjectural one" and "must be disclosed upon the face of the complaint." *Id.* at 113, 57 S.Ct. at 97. Also, the Supreme Court of the United States in *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), held that the fact that a state claim necessarily turns on a federal issue, or involves construction of a federal law, does not necessarily give rise to a federal question and confer removal jurisdiction

on a federal court. *Id.* at 816–17, 106 S.Ct. at 3235–36. Thus, the fact that federal law may be the source or basis of the plaintiffs' state-law claims does not support removal. *Gully,* 299 U.S. at 109, 57 S.Ct. at 96 (where plaintiff seeks to enforce state statute, fact that federal law laid basis for statute does not confer removal jurisdiction on federal court); *Stone v. Williams,* 792 F.Supp. 749, 755 (M.D.Ala.1992) ("Although the source of the state-court judgment may lie in federal constitutional law, it is still the state court's judgment, and not federal law, that [plaintiff] seeks to have enforced."). As a result of the foregoing precedent, the court finds that even if the plaintiffs' state-law claims would give rise to a federal issue, removal would still be inappropriate.

■ The court recognizes that the preemptive force of some federal statutes can provide a legal basis for removal of a case from state to federal court even if a plaintiff has framed the complaint to allege violations of only state law. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987). For example, the Supreme Court of the United States has determined that issues involving the Labor Management Relations Act, 29 U.S.C. § 1001, *et seq.,* and the Employment Retirement Income Security Act, 29 U.S.C. § 185, *et seq.,* transform state-law claims into ones arising under federal law for purposes of the well-pleaded complaint rule. *Caterpillar, Inc.,* 482 U.S. at 393–94, 107 S.Ct. at 2429–30.

■ This "complete preemption" doctrine, however, does not apply to the FTCA. The FTCA does not contain a civil enforcement provision that requires complete preemption of law, nor is there any other manifestation that Congress intended preemption. In fact, there is no private cause of action under the Federal Trade Commission to enforce a violation of its rules. *See Holloway v. Bristol–Myers Corp.,* 485 F.2d 986 (D.C.Cir.1973); *Fulton v. Hecht,* 580 F.2d 1243 (5th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1789, 60 L.Ed.2d 241 (1979)[4];

---

4. Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *Bonner v. City of*

*Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

**400**

*Days Inn of America Franchising, Inc. v. Windham,* 699 F.Supp. 1581 (N.D.Ga.1988).

 The court finds that absent "complete preemption" of state causes of action, the defendant cannot establish that a federal court has original jurisdiction by arguing preemption as a defense:

> Ordinarily, federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint. Before 1887, a federal defense such as preemption could provide a basis for removal, but, in that year, Congress amended the removal statute. We interpret that amendment to authorize removal only where original federal jurisdiction exists. Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

*Caterpillar, Inc.,* 482 U.S. at 393, 107 S.Ct. at 2429 (internal citations omitted). Because the complete preemption doctrine does not convert the plaintiffs' state claims into claims under the FTCA and because a defendant may not remove a case based upon a federal preemption defense, the court finds that the FTCA does not preempt the state claims asserted in the complaint.

In sum, because the plaintiffs' complaint presents no question of federal law, the court lacks subject matter jurisdiction over this case. The court therefore must remand this case for further proceedings in state court. 28 U.S.C. § 1447(c); *see Williams v. Adkinson,* 792 F.Supp. 755 (M.D.Ala.1992).

Accordingly, it is CONSIDERED and ORDERED that the plaintiffs' motion to remand be and the same is hereby GRANTED and this cause be and the same is hereby REMANDED to the Circuit Court of Macon County, Alabama. The clerk is DIRECTED to take all steps necessary to effect said remand.