**Josephine CAMPBELL, Administratrix of the Estate of John E. Campbell, Jr., and Josephine Campbell, in her own right, Plaintiff,**

v.

**SMITHKLINE BEECHAM, et al., Defendants.**

**Civil Action No. 95–CV–4255.**

United States District Court, E.D. Pennsylvania.

March 14, 1996.

---

Nancy G. Rhoads, Albert J. Brooks, Jr., Sheller, Ludwig and Badey, Philadelphia, PA, for Plaintiff.

Jeffrey P. Bates, Abrahams, Lowenstein, Bushman & Kauffmann, Philadelphia, PA, for Defendants.

## MEMORANDUM

ANITA B. BRODY, District Judge.

In March 1995, plaintiff filed suit in state court to recover for the death of her husband, who died while participating in Temple University Hospital's investigational study involving the experimental drug Carvedilol. Plaintiff alleges that defendants improperly monitored decedent's health while he was participating in the study.[1] Defendants removed the case to federal court, alleging federal question jurisdiction pursuant to the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, et seq. Before me is plaintiff's motion to remand alleging improper removal due to the lack of federal subject matter jurisdiction. I must grant plaintiff's motion to remand if this case was improperly removed to federal court. 28 U.S.C. § 1447(c).

■ Removal based on federal question jurisdiction is proper in only three circumstances: (i) when it is clear from the face of the well-pleaded complaint that a claim arises under federal law; (ii) when some substantial, disputed question of federal law is a necessary element of a claim; or (iii) when the area of law has been completely preempted by Congress. The case before me does not fit within any of these categories and therefore must be remanded.

1. While plaintiff's complaint does not clearly state the law upon which her claims are based, in her motion to remand plaintiff asserts that she is pleading state law negligence, with a reliance on standards from the federal law. (Pl.'s Mot. Remand ¶ 24.)

2. Defendant SmithKline Beecham argues that plaintiff fails to state a claim under state law, and therefore by implication plaintiff must be pursuing federal claims. (Def. SmithKline Beecham's Mem. Opp'n to Remand at 3–5.) However, the existence (or nonexistence) of a state law cause of action is irrelevant to the issue before me, i.e. whether plaintiff's complaint states a claim arising under federal law.

3. Counsel for defendant SmithKline Beecham stated cleverly, albeit unpersuasively:

[I]t's [like] the old saying about a duck. If it looks like a duck and walks like a duck and quacks like a duck, it's a duck. This looks like

## I. The Well–Pleaded Complaint

■ The vast majority of claims which come within federal question jurisdiction are those in which it is clear from the face of the well-pleaded complaint that federal law creates the cause of action. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986); *Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8–9, 103 S.Ct. 2841, 2845–46, 77 L.Ed.2d 420 (1983). As a rule, a plaintiff may immunize herself against federal jurisdiction by drafting a complaint which fails to clearly state a federal cause of action. *See Goepel v. National Postal Mail Handlers Union*, 36 F.3d 306, 309 (3d Cir. 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1691, 131 L.Ed.2d 555 (1995).

■ Plaintiff argues that the complaint in this case was carefully drafted to avoid raising a federal question. (Pl.'s Mot. Remand ¶ 24.) In response, defendants argue that federal jurisdiction exists because the face of the complaint implies a federal cause of action.[2] (Temple Defs.' Mem.Opp'n to Remand at 6; 3/7/96 Tr. at 25.) In other words, defendants argue that plaintiff's complaint is not "well-pleaded" and that in reality plaintiff is pursuing a federal cause of action.[3]

■ Defendants' argument is unpersuasive and contrary to law. It is not clear from plaintiff's complaint that her claims arise under federal law,[4] and this court may not

a federal claim, it walks like a federal claim and it talks like a federal claim.
3/7/96 Tr. at 29.

4. Plaintiff's complaint contains many vague references to "federal laws and regulations," but fails to clearly state whether or not those laws and regulations create plaintiff's claims. For example, in Count III of her complaint, plaintiff makes the following allegations against defendant SmithKline Beecham:

63. Defendant, SmithKline, failed to ensure that the decedent's rights as a human subject were adequately protected, as required by federal laws and regulations.
64. Defendant, SmithKline, failed to review the investigational plan of the Carvedilol Drug Study to determine whether the nature of the investigational study provided a benefit to the proposed subjects, such that the risk to the subjects was justified, as required by federal laws and regulations.

assert jurisdiction simply because defendants infer a federal claim in a not-so-well-pleaded complaint. In fact, the Third Circuit has severely restricted the circumstances under which federal jurisdiction may be found when a federal question is not clearly pleaded.

## II. No Clearly Pleaded Federal Question

■ When a complaint fails to clearly assert a federal cause of action, removal is nonetheless appropriate when "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). In other words, when a federal question arises only as an element of a purported state law cause of action, the case may still be removed to federal court based on the necessary presence of a "substantial, disputed question of federal law."

The Third Circuit has made clear that no "substantial, disputed question of federal law" may exist when the federal law in question may not be enforced in a private cause of action:

> [A] private federal remedy for violating a federal statute is a prerequisite for finding federal question jurisdiction [over a state law claim].

*Smith v. Industrial Valley Title Ins. Co.*, 957 F.2d 90, 93 (3d Cir.1992) (following *Merrell Dow Pharmaceuticals Inc.*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650), *cert. denied sub nom. Commonwealth Land Title Ins. Co. v. Burns*, 505 U.S. 1221, 112 S.Ct. 3034, 120 L.Ed.2d 903 (1992). Thus, if Congress does not provide for a private cause of action under a federal statute, plaintiff's assertion of that federal statute as an element of a state law claim is insufficiently "substantial" to confer federal question jurisdiction. *Id.*

■ Plaintiff alleges that no private federal cause of action exists to enforce the FDCA, and therefore that there is no federal jurisdiction pursuant to the "substantial, disputed question" test. (3/7/96 Tr. at 43.) It is defendants' burden to prove otherwise, because defendants are urging jurisdiction on this court. *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995). However, defendants have presented no evidence that a private federal cause of action exists under the FDCA, and in fact have presented evidence to the contrary.[5] Defendants have therefore not met their burden.[6]

## III. Complete Preemption

■ Finally, defendants argue that this case belongs in federal court pursuant to the complete preemption doctrine. Under the complete preemption doctrine, a defendant may remove a case to federal court based on federal question jurisdiction, despite plaintiff's exclusive reliance on state law, when the case is "really" one of federal law. *See Goepel*, 36 F.3d at 310. A state law claim is "really" one of federal law when the following criteria are satisfied: (i) a federal statute contains civil enforcement provisions within the scope of which plaintiff's claims fall; and (ii) there is a clear indication of congressional intent to permit removal despite plaintiff's exclusive reliance on state law. *Id.* at 311.

65. Defendant, SmithKline, failed to monitor defendant investigators' for Temple Carvedilol Drug Study to ensure compliance with the protocol of investigational drugs, as required by federal laws and regulations.

66. Defendant, SmithKline, failed to monitor the Carvedilol Drug Study to ensure that the study continued to be justified, as required by federal laws and regulations.

67. Defendant, SmithKline, failed to suspend or terminate the Carvedilol Drug Study when defendant knew, or should have known, of the increased risk to decedent.

68. Defendant, SmithKline, was *negligent per se*.

5. Counsel for the Temple University defendants admits that the FDCA does not expressly provide for a private federal cause of action (3/7/96 Tr. at 38), and counsel for all defendants admit that federal courts have found no implied cause of action under the statute (Def. SmithKline Beecham's Mem. Opp'n to Remand at 14; Temple Defs.' Mem. Opp'n to Remand at 3 n. 1 (adopting defendant SmithKline's arguments)).

6. The court recognizes that defendants are faced with a Catch–22. Had they argued that a private remedy exists under the FDCA, they would lose their strongest defense to plaintiff's case. But by failing to argue that a private remedy exists, defendants lost their right to be in federal court.

Once again, it is defendants' burden to prove the applicability of the doctrine, and once again defendants have failed to meet their burden. *Columbia Gas Transmission Corp.*, 62 F.3d at 541. Defendants offer no evidence, and in fact do not even allege, that the FDCA contains a civil enforcement provision. (3/7/96 Tr.; Def. SmithKline Beecham's Mem. Opp'n to Remand at 15; Temple Defs.' Mem. Opp'n to Remand at 9–12.) Therefore, plaintiff must proceed with her state law claims in state court.

## IV. Conclusion

Defendants urge the court to infer a federal cause of action from plaintiff's complaint, but the court may not do so. Removal based on the presence of a federal question is appropriate only if the federal question is clear on the face of the well-pleaded complaint, or in very limited circumstances under the "substantial, disputed question" test or the complete preemption doctrine. The case before me does not fit within these categories. Removal was therefore improper, and this case must be remanded to state court.[7]

If plaintiff amends her complaint, however, so that it clearly states a cause of action arising under federal law, or if defendants receive any paper indicating plaintiff's pursuit of a federal cause of action, re-removal would be appropriate. *See* 28 U.S.C. § 1446(b). *See also Doe v. American Red Cross*, 14 F.3d 196, 200 (3d Cir.1993) (permitting re-removal when the requirements of § 1446(b) are satisfied).

---

Defendant SmithKline Beecham argues that it is inappropriate to remand to state court the federal issues raised in plaintiff's complaint. (3/7/96 Tr. at 45–46.) However, plaintiff's complaint does not plead a federal claim, and it is most appropriate to remand plaintiff's state law claims for a state court to decide.