Nick LOUSSIDES, et al., Plaintiffs,

v.

AMERICA ONLINE, INC., Defendant.

No. 3:98CV926 (RNC).

United States District Court, D. Connecticut.

Jan. 25, 2001.

Elias A. Alexiades, Margaret E. Haering, Hurwitz & Sagarin, Milford, CT, for plaintiffs.

James Sicilian, Mitchell R. Harris, Jennifer K. Lawson, Day, Berry & Howard, Hartford, CT, for defendant.

## ORDER OF REMAND

CHATIGNY, District Judge.

On October 23, 2000, the parties were ordered to show cause why this action should not be remanded for lack of subject matter jurisdiction. Having considered the responses to that order, I find that removal of this action based on federal question jurisdiction was improper because the complaint does not plead a federal cause of action and the federal issue raised by the state law claims is insufficiently substantial to confer federal question jurisdiction. Accordingly, the case will be remanded.

Plaintiffs contracted with defendant for unlimited use of online services at a flat rate of $19.95 per month. When they used a 1–800 or 1–888 number to gain access to the services, defendant charged them an additional 10¢ per minute. Plaintiffs claim that defendant's practice of charging customers for use of ostensibly "toll free" numbers violated the Connecticut Unfair Trade Practices Act, Conn.Gen. Stat. § 42–110a, et seq. ("CUTPA"), as well as Connecticut common law. The only nexus between plaintiffs' state law claims and federal law is plaintiffs' contention that defendant is liable under CUTPA for violating the Telephone Disclosure and Dispute Resolution Act ("TDDRA"), 15 U.S.C. §§ 5701–5724.[1]

■ Under 28 U.S.C. § 1331, federal question jurisdiction extends only to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded claims. *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). *See also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808,

108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (addressing whether claim arose under patent law for purposes of jurisdiction under 28 U.S.C. § 1338). If a plaintiff may or may not be entitled to relief for reasons that are completely unrelated to the provisions and purposes of federal law, then the claim does not arise under federal law. *See id.* at 810, 108 S.Ct. 2166. Thus, a claim supported by alternative theories does not confer jurisdiction unless federal law is essential to each theory. *Id.*

■ While interpretation of CUTPA's prohibition on unfair or deceptive trade practices is to be guided by interpretations of the FTCA, CUTPA extends beyond practices specifically prohibited by federal law. *See Bailey Employment System, Inc., v. Hahn*, 545 F.Supp. 62, 71 (D.Conn.1982); *see also Langer et al., The Connecticut Unfair Trade Practices Act*, Vol. I at 30–31 (1994).[2] In this case, plaintiffs' amended complaint alleges theories of CUTPA liability that are separate and distinct from their theory based on the alleged violation of the TDDRA. Specifically, plaintiffs allege that defendant's contracts, terms of service, and marketing and advertising materials constituted affirmative misrepresentations of the cost of using defendant's service. *See* Amended

---

**1.** CUTPA liability could result from a violation of the TDDRA because CUTPA incorporates the Federal Trade Commission Act ("FTCA") and regulations thereunder as a source of guidance for interpreting CUTPA's prohibition of "unfair and deceptive acts or practices," *see* C.G.S. § 42–110b(b), and the TDDRA regulations are to be treated as if they were issued under the FTCA, *see* 15 U.S.C. § 5711(a)(8).

**2.** The standards for determining CUTPA liability do not depend on federal law. The factors to be considered in determining whether an act or practice violates CUTPA are: (1) whether the practice, without necessarily having been previously considered un-

lawful, offends public policy as it has been established by statutes, the common law, or otherwise; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers, competitors, or other businesspersons. *Hartford Elec. Supply Co. v. Allen-Bradley Co., Inc.*, 736 A.2d 824, 843, 250 Conn. 334, 368 (1999). All three criteria need not be met to support a finding of unfairness. *See id.* A violation of CUTPA may be established by showing either an actual deceptive practice or a practice amounting to a violation of public policy. *Web Press Services Corp. v. New London Motors, Inc.*, 525 A.2d 57, 64, 203 Conn. 342, 355 (1987).

Compl., ¶ 11(b). Misleading representations can constitute deceptive acts or practices under CUTPA. *See Southington Sav. Bank v. Rodgers*, 668 A.2d 733, 736, 40 Conn.App. 23 (1995). Accordingly, plaintiffs' reliance on the alleged violation of the TDDRA is not essential to their success on the CUTPA claim.

Even if the TDDRA issue is an essential element of plaintiffs' CUTPA claim, jurisdiction is still lacking. When a complaint alleges a violation of a federal statute as an element of a state cause of action, but there is no private, federal cause of action for the violation, the presence of the claimed violation is insufficiently substantial to confer jurisdiction. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813–14, 817, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). It is well settled that there is no private right of action under the FTC Act, *see Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir.1974), and neither party suggests that there is a private right of action under the TDDRA.

Defendant relies heavily on *West 14th Street Comm. Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188 (2d Cir.1987), for the proposition that when the federal ingredient in a state cause of action is "decisive," federal question jurisdiction is present. In *West 14th Street*, the court held that even if the plaintiffs did not have a private right of action under the Condominium and Co-operative Abuse Relief Act, 15 U.S.C. §§ 3601–3616, the presence of a claimed violation of that Act as an element of a state law cause of action was sufficiently substantial to confer federal question jurisdiction "because upon that Act's construction the vindication of rights and definition of relationships *created by federal law* depends." 815 F.2d at 196. In this case, plaintiffs seek to vindicate their right to be free from unfair and deceptive trade practices—a right created by the Connecticut legislature when it adopted CUTPA, not by Congress when it adopted the TDDRA.[3]

Numerous other courts have found federal question jurisdiction lacking for claims under state consumer protection statutes alleging violations of federal consumer protection laws. *See, e.g., Kentucky ex rel. Gorman*, 881 F.Supp. at 288–89; *Illinois ex rel. Burris v. Comcast Cable*, 1994 WL 502008, *4–5 (N.D.Ill. Sept.12, 1994); *Mid America Title Co. v. Chicago Title Ins. Co.*, 1989 WL 39780 (N.D.Ill. April 18, 1989); *cf. Dean v. American General Finance, Inc.*, 191 B.R. 463, 466–67 (M.D.Ala.1996) (finding no federal question jurisdiction when plaintiffs' state law fraud claim was based on a violation of the FTC Act); *Austin v. American General Finance, Inc.*, 900 F.Supp. 396, 398–99 (M.D.Ala.1995) (same); *Vermont v. Oncor Communications*, 166 F.R.D. 313, 318 (D.Vt.1996) (finding no federal question jurisdiction when complaint alleged as alternative bases for a violation of Vermont Consumer Fraud Act either violation of FCC guidelines or commission of unfair practices as defined by the state statute).

Accordingly, pursuant to 28 U.S.C. § 1447(c), the case is hereby remanded to the Connecticut Superior Court for the Judicial District of New Haven without an award of costs and expenses.

So ordered.

---

**3.** The declaratory-judgment defendant in *West 14th Street* specifically relied on its rights under the federal statute when it took the actions challenged in that case. *See West 14th* *Street Commercial Corp. v. 5 West 14th Street Owners Corp.*, 625 F.Supp. 934, 940 (S.D.N.Y. 1986). Here, plaintiffs' initial complaint made no mention of the TDDRA.