Michele SAVALLE and SDB Trocking, LLC, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

NESTLE WATERS NORTH AMERICA, INC., Defendant.

No. 3:03 CV 1204(GLG).

United States District Court, D. Connecticut.

Aug. 29, 2003.

A. Paul Spinella, Law Offices of A. Paul Spinella & Associates, James E. Miller, Shepherd, Finkelman, Miller & Shah, Hartford, CT, for Plaintiffs.

David B. Zabel, Stewart I. Edelstein, Cohen & Wolf, P.C., Bridgeport, CT, Jeffrey M. Garrod, Orloff, Lowenbach, Stifelman & Siegel, Roseland, NJ, for Defendant.

## MEMORANDUM DECISION

GOETTEL, District Judge.

The plaintiffs move to remand [Doc. # 8] this action to the Superior Court of Connecticut from which it was removed by the defendant. The defendant's removal notice claims the existence of a federal question pursuant to 28 U.S.C. § 1331. The statute itself creates no right of action. Rather, the presence of federal question jurisdiction is governed by the "well pleaded complaint" rule. *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). "To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: 'a suit arises under the Constitution and laws of the United States only where the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.'" *Beneficial Nat'l Bank v. Anderson,* —— U.S. ——, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003) (*quoting Louisville & Nashville R. Co. v.*

*Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908)).

The plaintiffs' complaint seeks relief concerning the defendant's bottling, advertising, promotion, and sale of Poland Spring brand bottled water. The plaintiffs assert claims for violations of Connecticut's Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. §§ 42–110a *et seq.,* Connecticut's Consumer Protection Act, Conn. Gen.Stat. § 21a–150g (governing information displayed on bottled water packages), violations of the unfair trade practices statutes of forty-three (43) other states, and unjust enrichment under state law. Thus, as alleged in the complaint, all of the plaintiffs' claims arise out of and are based solely on state law. It is beyond dispute that their complaint does not affirmatively allege a federal claim. Indeed, their complaint does not rely on or even refer to any federal law or statute.

The defendant argues that an essential element of the plaintiffs' claims is whether the Poland Spring brand of bottled water meets the standard of identity for "spring water," which is determined by federal law, specifically the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301–397 ("FDCA"), and the regulations adopted thereunder, 21 C.F.R. § 165.110(a)(2)(vi). "Plaintiffs' complaint presents a substantial question of federal law which they artfully plead as a state law cause of action." (Def.'s Removal Notice ¶ 4.)

As both sides recognize, an "independent corollary to the well-pleaded complaint rule is the further principal that a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (citations and internal quotations omitted). This corollary, known as the "artful pleading doctrine," allows federal courts to exercise jurisdiction even

when a federal claim does not appear on the face of the complaint if (1) federal law has completely preempted the state law that serves as the basis for the plaintiff's complaint,[1] *see Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *see generally Moore's Federal Practice* § 107.14[4][a] (3d ed.2003); *C.A. Wright, A.R. Miller, E.H.Cooper & J.E. Steinman, Federal Practice and Procedure; Jurisdiction* § 3722 (3d ed.1998). In this case, the defendant does not argue complete federal preemption. Rather, it asserts that the plaintiffs' state-law claims present a "substantial question of federal law." The plaintiffs respond that the use of a federal statute as an element of their state-law causes of action is insufficient to justify removal, citing *Merrell Dow Pharmaceuticals* (holding that the incorporation of a federal standard in a state-law private action, when no cause of action exists for violations of that federal standard, does not make the action one "arising under the Constitution, laws, or treaties of the United States").

In this case, the federal statute on which the defendant relies, the FDCA, does not provide a private right of action. This factor was significant to the majority's holding in *Merrell Dow Pharmaceuticals.* The significance of the necessary assumption that there is no federal private

cause of action [under the FDCA] cannot be overstated. For the ultimate import of such a conclusion, as we have repeatedly emphasized, is that it would flout congressional intent to provide a private federal remedy for the violation of the federal statute. We think it would similarly flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a "rebuttable presumption" or a "proximate cause" under state law, rather than a federal action under federal law.

478 U.S. at 812, 106 S.Ct. 3229 (footnote omitted). The Court concluded that "the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 814, 106 S.Ct. 3229; *see also Loussides v. America Online, Inc.*, 175 F.Supp.2d 211, 214 (D.Conn.2001) (holding that when a complaint alleges a violation of a federal statute as an element of a state cause of action, but there is no private, federal cause of action for the violation, the presence of the claimed violation is insufficient to confer jurisdiction); *Jackson v. Purdue Pharma Co.*, No. 6:02–CV–1428ORL12KRS, 2003 WL 21356783, at *6 (M.D.Fla. Apr.11, 2003) (holding that, in order to prevail under the substantial fed-

---

**1.** The "complete pre-emption corollary to the well-pleaded complaint rule," provides "that any claim based on preempted state law is considered a federal claim arising under federal law." *Vera v. Saks & Co.*, 335 F.3d 109, 113–14 (2d Cir.2003) (internal citations omitted) (applying this corollary to state-law claims preempted by the Labor Management Relations Act, 29 U.S.C. § 185).

eral question doctrine, the defendants would have to show that the FDCA created the rights that the plaintiff sought to vindicate and a private cause of action to enforce such rights); *Campbell v. Smith-Kline Beecham,* 919 F.Supp. 173, 176 (E.D.Pa.1996) (holding that no "substantial, disputed question of federal law" may exist when the federal law in question may not be enforced in a private cause of action).

The defendant here, like the petitioner in *Merrell Dow Pharmaceuticals,* also argues that the strong federal interest in insuring uniform interpretation of federal statutes and regulations is best served by review of this case in the federal courts. In rejecting a similar argument, the Supreme Court noted that concern about the uniformity of interpretation of the FDCA was "considerably mitigated" by the fact that it retained the is insufficiently 'substantial' to "confer federal-question jurisdiction." *Id.* at 814, 106 S.Ct. 3229; *see also Loussides v. America Online, Inc.,* 175 F.Supp.2d 211, 214 (D.Conn.2001) (holding that when a complaint alleges a violation of a federal statute as an element of a state cause of action, but there is no private, federal cause of action for the violation, the presence of the claimed violation is insufficient to confer jurisdiction); *Jackson v. Purdue Pharma Co.,* No. 6:02–CV–1428ORL12KRS, 2003 WL 21356783, at *6 (M.D.Fla. Apr.11, 2003) (holding that, in order to prevail under the substantial federal question doctrine, the defendants would have to show that the FDCA created the rights that the plaintiff sought to vindicate and a private cause of action to enforce such rights); *Campbell v. Smith-Kline Beecham,* 919 F.Supp. 173, 176 (E.D.Pa.1996) (holding that no "substantial, disputed question of federal law" may exist when the federal law in question may not be enforced in a private cause of action).

The defendant here, like the petitioner in *Merrell Dow Pharmaceuticals,* also argues that the strong federal interest in insuring uniform interpretation of federal statutes and regulations is best served by review of this case in the federal courts. In rejecting a similar argument, the Supreme Court noted that concern about the uniformity of interpretation of the FDCA was "considerably mitigated" by the fact that it retained the power to review the decision of a federal issue in a state cause of action, even if there was no original district court jurisdiction. 478 U.S. at 816, 106 S.Ct. 3229.

█ We find controlling the decision of the Supreme Court in *Merrell Dow Pharmaceuticals.* In that case, as here, the federal statute was merely incorporated as a standard of conduct in a state cause of action. *See West 14th St. Commercial Corp. v. 5 West 14th Owners Corp.,* 815 F.2d 188, 196 (2d Cir.), *cert. denied,* 484 U.S. 850, 108 S.Ct. 151, 98 L.Ed.2d 107 (1987). Borrowing or importing a standard from a federal statute or regulation does not make a state cause of action removable. "The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals,* 478 U.S. at 813, 106 S.Ct. 3229.

The burden was on the defendant to establish federal-question jurisdiction. The defendant has failed to carry that burden. Consequently, we hold that the removal of the action was improvident and improper. Pursuant to 28 U.S.C. § 1447(c), this case is remanded to the Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport.

**SO ORDERED.**