Patsy Ramsey **MONCURE** Plaintiff

v.

**OLYMPUS AMERICAN, INC.,
et al. Defendants**

No. CIV.A. 303CV691LN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 9, 2003.

Thomas H. Broome, Ringer & Broome, PLLC, Brandon, MS, Ronald C. Morton, Morton Law Firm, Clinton, MS, for Plaintiff.

Mark D. Jicka, Michael W. Ulmer, James J. Crongeyer, Jr., Watkins & Eager, W. Wayne Drinkwater, Jr., Bradley, Arant, Rose & White, LLP, Eugene R. Naylor, Steven Todd Jeffreys, Wise, Carter, Child & Caraway, Edmund L. Brunini, Jr., Kathryn R. Gilchrist, Sharon F. Bridges, Brunini, Grantham, Grower & Hewes, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on motion of plaintiff Patsy Ramsey Moncure to remand this case to the Circuit Court of Hinds County, pursuant to 28 U.S.C. § 1447. Defendant Olympus America, Inc., joined by Mississippi Baptist Medical Center, Inc. and St. Dominic–Jackson Memorial Hospital, has responded in opposition. The court, having considered the memoranda of the parties, concludes that plaintiff's motion to remand should be granted.

On December 31, 2002, plaintiff filed this action in the Circuit Court of Hinds County, as the wife and estate representative of Charles W. Moncure, alleging various state law claims, including defective design, failure to warn, failure to heed warnings, improper marketing, breach of express and implied warranties and negligence. These claims allegedly stem from the use of an Olympus bronchoscope, a medical device used to examine a patient's lungs. Plaintiff asserts that a design defect in the bronchoscope allowed bacteria to remain in the device and be passed on to subsequent users, and further claims this defect prompted a nationwide recall. Mr. Moncure received treatment for lung cancer at both Mississippi Baptist Hospital and St. Dominic Hospital and purportedly a bronchoscope was used to examine him on more than one occasion. Mr. Moncure developed an infection and died from complications caused by lung cancer and pneumonia on January 17, 2002. Thereafter plaintiff filed her complaint against Olympus and the treating hospitals.

Defendants removed the case to this court on May 7, 2003, relying on 28 U.S.C. § 1331. Defendants claimed there was federal question jurisdiction because plaintiff's claims, which defendants characterized as claims for "fraud-on-the-FDA," are impliedly preempted by the Food Drug and Cosmetic Act (FDCA) and its Medical Device Amendments (MDA), 21 U.S.C. § 301 *et seq.* Plaintiff moved to remand, contending that there is no federal jurisdiction over her claims, which are brought solely under state law. In their opposition, defendants assert that jurisdiction is proper based on a substantial federal question, arguing that plaintiff's complaint raises a substantial federal question because her claims arise out of activities subject to federal control. Defendants also suggest that because plaintiff alleges misconduct in regulated activities, interpretation of the pertinent federal regulatory framework, specifically FDA requirements for device monitoring, recall procedures, labeling and clinical trials, is integral to a determination of plaintiff's claims.[1] In response, plaintiff asserts that federal regulations are not necessary or substantial to her claims. She admits to some overlap between regulatory guidelines and state-based tort law claims but insists that mere mention or partial reliance on federal law in proving her state-based theories of liability does not give rise to federal question jurisdiction, and the court agrees.

█ In their notice of removal, defendants addressed the subject of preemption; however, it appears they have abandoned this position, choosing instead to ground their assertion of federal jurisdiction on the presence of a substantial federal question.[2] Regarding the question of whether plaintiff's complaint raises a substantial federal question, the Supreme Court has made clear that the absence of a federal remedy for the violation of a federal statute[3] is "tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 814, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *see also Willy v. Coastal Corp.,* 855 F.2d 1160 (5th Cir.1988), *Brock v. Provident America Ins. Co.,* 144 F.Supp.2d 652 (N.D.Tex. 2001).

█ Even were that not the case, it is clear to the court that plaintiff's well-pleaded complaint does not raise a substantial question of federal law. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.2001). A state law claim may raise a substantial federal question if "(1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Id.*

█ Applying the three-part test outlined in *Howery,* the court finds that defendants' argument is without merit.[4] 243 F.3d at 918. First, a federal right is not

---

1. Defendants cite generally the federal regulatory scheme promulgated by the FDA and specifically the FDCA and the MDA.

2. As plaintiff points out in her motion to remand, complete preemption does not exist in the present case, and therefore, preemption does not provide a basis for defendants' removal. *See Waste Control Specialists, LLC v. Envirocare of Texas, Inc.,* 199 F.3d 781 (5th Cir.2000).

3. The Food Drug and Cosmetic Act creates no private right of action. 21 U.S.C. § 337(a); *see also In re Orthopedic Bone Screw Products Liability Litigation,* 193 F.3d 781 (3rd Cir. 1999), *Campbell v. SmithKline Beecham,* 919 F.Supp. 173 (E.D.Pa.1996).

4. In *Howery,* defendant Allstate argued that Howery's mention of FTC rules, regulations and statutes created a substantial federal

an essential element of any of plaintiff's claims. Her claims are grounded in the law of negligence, product liability and contract. Admittedly, some of plaintiff's claims may overlap with federal law, but proof of a violation of any federal regulation is not a necessary or required element for recovery. Second, an interpretation of a federal right is not essential. As pointed out by plaintiff, any failure by Olympus to comply with FDA guidelines is only one of several alternate grounds for finding liability.[5] Third, the claims asserted in this case do not present a substantial federal question. As was the case in *Howery,* "[t]he state law issues overwhelm the federal law issues." *Id.* The fact that defendants participate in a regulated industry and their actions are guided by federal regulations does not create a substantial federal question when plaintiff's complaint contains only state-based theories of recovery. Accordingly, the court concludes that plaintiff's complaint does not create federal question jurisdiction.[6]

Based on the foregoing, it is ordered that plaintiff's motion to remand is granted.

---

question. 243 F.3d at 917. The Fifth Circuit, applying the three-prong test, rejected this argument. *Id.* at 918.

**5.** Similar grounds were rejected by the Fifth Circuit in *Howery.* "As an alternate theory supporting a single claim, the federal question is not a necessary element of the state claim, and thus does not create federal question jurisdiction." *Id.* at 918.

**6.** The court's conclusion is consistent with that of other district courts, which have granted remand to state court under similar circumstances. *See Jamison v. Purdue Pharma Co.,* 251 F.Supp.2d 1315 (S.D.Miss.2003) (finding a lack of federal question jurisdiction despite defendant's argument that the plaintiff's claims required an interpretation and application of federal law, specifically FDA regulations); *Gaul v. Neurocare Diagnostic, Inc.,* No. 02–CV–2135, 2003 WL 230800, at *1 (E.D.Pa. Jan. 1, 2003) (declining to adopt defendant's argument that provisions of the FDCA and related federal statutes are necessary for the resolution of plaintiff's state claims, concluding the court lacks federal question jurisdiction); *McCallister v. Purdue Pharma L.P.,* 164 F.Supp.2d. 783 (S.D.W.Va. 2001) (rejecting defendant's contention that plaintiff's claims required interpretation of the FDCA and Controlled Substances Act thus creating a substantial federal question).